UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMONA WILSON,

    Plaintiff,

    v.

SUPERCLUB IBIZA, LLC,

    Defendant.

Civil Action No. 1:11-CV-00973 (JDB)

**MEMORANDUM OPINION**

This matter comes before the Court on plaintiff Ramona Wilson's motion for default judgment and defendant Superclub Ibiza, LLC's ("Superclub Ibiza") motion to set aside the entry of default and for leave to file answer *nunc pro tunc*.  For the reasons discussed below, the Court grants defendant's motion to set aside default and for leave to file an answer and denies plaintiff's motion for entry of default judgment.

**BACKGROUND**

Wilson filed suit on May 25, 2011 against Superclub Ibiza alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the D.C. Human Rights Act, D.C. Code § 2-1401.01 et seq.  Wilson alleges that Superclub Ibiza discriminated against her based on her status as a person with a disability by denying her entry into its nightclub on September 11, 2010.  What followed was a series of attempts by Wilson to serve process on Superclub Ibiza.

On May 26, 2011, Wilson attempted to serve Superclub Ibiza by serving its manager Leong T. Lee and managing member, SL, Inc. (Eunghee Lee) via certified mail. Certified mail receipts were returned. On June 13, 2011 Wilson hired a process server and, pursuant to Federal Rule of Civil Procedure 4(h)(1), personally served Eunghee Lee, a listed managing member, on June 15, 2011.[1] Wilson also attempted to serve Steven Cundra, the listed registered agent for Superclub Ibiza, but discovered that he had passed away a year and a half prior. On June 27, 2011 Wilson served defendant pursuant to Federal Rule of Civil Procedure 4(e)(1) and (4)(h)(1)(A) by serving a copy of the summons and complaint to the Superintendent of Corporations of the Department of Consumer and Regulatory Affairs ("DCRA"), who, under D.C. Code § 29-1012, becomes an agent for service of process when an LLC doing business in the District of Columbia fails to maintain a registered agent. Superclub Ibiza concedes that it was legally served as of June 27, 2011. It also concedes that its Answer was due on July 18, 2011. On July 22, 2011, default was entered against the defendant. Superclub Ibiza filed a motion to set aside the entry of default on August 24, 2011, along with an unverified answer. Wilson filed a motion for default judgment on September 19, 2011. On October 7, 2011, Superclub Ibiza filed its verified answer.[2]

---

[1] It is unclear whether service on Superclub Ibiza was effectuated via personal service on Eunghee Lee on June 15, 2011. Wilson relays that the spouse of Eunghee Lee communicated that he was no longer a managing member. However, she indicates that Eunghee Lee was listed as a managing member in defendant's latest DCRA two year report in July 2010. Opp'n to Def.'s Mot. to Set Aside Default at 5. Superclub Ibiza does not address whether personal service was obtained, and indeed, fails to address whether Eunghee Lee is a managing member of Superclub Ibiza, or even a member at all.

[2] Defendant's initial unverified answer claimed that it had no knowledge of any of the events surrounding the incident out of which Wilson's claim arose, yet in its subsequent verified answer Superclub Ibiza denied Wilson's version of events, and in its opposition to Wilson's motion for default judgment still a third version of events has been proffered.

**DISCUSSION**

Rule 55(c) of the Federal Rules of Civil Procedure provides that an entry of default can be vacated for "good cause." This and several other circuits have applied a three-part balancing test to assess whether good cause has been met. "Though the decision lies within the discretion of the trial court, exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious." Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 373 (D.C. Cir. 1980). This standard is more lenient than that applied under Rule 60(b) after a default judgment has been entered. Capital Yacht Club v. Vessel Aviva, 228 F.R.D. 389, 392 (D.D.C. 2005). Furthermore, given the Court's strong preference for deciding cases on their merits, all doubts are resolved in favor of the party seeking relief from the default. Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980).

1.  **Willfulness**

Willfulness is not a bright line test. While a court need not find that a defaulting party has acted in bad faith in order to establish willfulness, it must conclude that the party's conduct demonstrates more than mere negligence. Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., Inc., 288 F. Supp. 2d 22, 26 (D.D.C. 2003)

Superclub Ibiza explains that the complaint was "overlooked" because several of its members "have been in the middle of a members dispute." Hence it was "unclear as to what each members' [sic] interest in the LLC was and who the majority of members were and whether certain members would remain with the LLC." Def.'s Mot. to Set Aside Default at 4. Superclub Ibiza provides little detail on how precisely the members' dispute actually obstructed the timely filing of an answer or to clarify who it is that is now responding on behalf of Superclub Ibiza.

3

Furthermore, Superclub Ibiza has declined to explain on what basis the validity of service made upon the managing members who are listed in the latest filings with the District of Columbia Department of Consumer & Regulatory Affairs is disputed, or why Superclub Ibiza has continued to list a deceased individual as its registered agent. The Court is left with some doubt as to whether these events reflect mere negligence or willful disregard for the judicial process. Ultimately, such doubt must be resolved in favor of the defendant. See Capital Yacht Club, 228 F.R.D. at 393 (resolving doubt about party's willful default in favor of the defaulting party).

　　2.　**Meritorious Defense**

In determining whether a defendant has a meritorious defense, "[l]ikelihood of success is not the measure." United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983)(quoting Keegel, 627 F.2d at 374). "The test is not whether the defendant will win at trial, but rather whether the facts alleged by the defendant would constitute a meritorious defense if true." In re Park Nursing Ctr., Inc. v. Creditors Comm. of Park Nursing Ctr., Inc., 766 F.2d 261, 264 (6th Cir. 1985).

Wilson argues that Superclub Ibiza refused to make any accommodations, thereby violating the ADA, which requires "reasonable modifications in policies, practices, or procedures." Reply to Def.'s Opp'n to Mot. for Default J. at 3. Superclub Ibiza responds that plaintiff was denied entry to its nightclub not because of her claimed medical disability but because plaintiff became "loud and abusive" and refused to be searched. Opp'n to Pl.'s Mot. for Default J. at 4. It further asserts that the club manager and security personnel did not become aware of Wilson's insulin pump or medical condition until after she had become "out of control, loud and abusive." Id. at 5. Superclub Ibiza argues that it was willing to make reasonable accommodations for Wilson, but that reasonable accommodations do not extend to a full

4

exemption from a security search. See id. Viewing the facts in the light most favorable to Superclub Ibiza, the question becomes whether Superclub Ibiza's failure to exempt plaintiff altogether from the search protocol was unreasonable, and whether Superclub Ibiza was otherwise justified in denying Wilson entry due to her "loud and abusive" behavior.  Because a defense is sufficient if it contains "'even a hint of a suggestion' which, proven at trial, would constitute a complete defense," the Court determines that these allegations constitute a sufficient potential defense.  Keegel, 627 F.2d at 374.

    **3.**    **Prejudice**

"[D]elay in and of itself does not constitute prejudice." KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 15 (1st Cir. 2003) (noting that "in the context of a Rule 55(c) motion … [t]he issue is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion")

Superclub Ibiza argues that there is no prejudice to Wilson because it has acted promptly to correct its mistake and there has been no functional delay in the proceedings.  Def.'s Mot. to Set Aside Default at 8.  Wilson counters that the delay may increase the chances that relevant evidence will be lost.  See Opp'n to Def. Mot. to Set Aside Default at 14.  Superclub Ibiza has responded that all relevant individuals are still working at the club and that Wilson will have access to these individuals during the discovery phase of this case.  See Opp'n to Pl.'s Mot. for Default J. at 6.  Given the minimal delay in this case -- Superclub Ibiza filed its initial answer just one month after the entry of default -- the Court finds Wilson's argument as to the potential loss of evidence to be unpersuasive and concludes that vacating the entry of default will not cause prejudice to plaintiff.

## CONCLUSION

For the reasons discussed above, the Court grants defendant's motion to vacate the entry of default and to file an answer *nunc pro tunc* and denies plaintiff's motion for default judgment. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated:   February 3, 2012