UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAMONA WILSON,

    Plaintiff,

    v().

SUPERCLUB IBIZA, LLC,

    Defendant.

Civil Action No.: 1:11-CV-00973 (JDB)

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on plaintiff Ramona Wilson's motion to exclude witnesses identified in defendant Superclub Ibiza, LLC's ("Superclub Ibiza") pre-trial statement. For the reasons discussed below, the Court denies plaintiff's motion.

**BACKGROUND**

Wilson filed suit on May 25, 2011 against Superclub Ibiza alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the D.C. Human Rights Act, D.C. Code § 2-1401.01 et seq. Wilson alleges that Superclub Ibiza discriminated against her based on her status as a person with a disability by denying her entry into its nightclub on September 11, 2010.

In advance of trial, Superclub Ibiza filed a pre-trial statement that listed "[c]ertain handicap patrons of Superclub Ibiza, LLC" as witnesses who may be called to testify. The Court directed Superclub Ibiza to disclose the identities of these witnesses to Wilson by February 28, 2013, and limited the number of such witnesses to two (2) individuals. Superclub Ibiza provided the names of two witnesses, Musa Kaun and Mimi Xang Ho, as well as the phone number for

1

Mimi Xang Ho, to Wilson on February 28, 2013.  Superclub Ibiza also disclosed that Musa Kaun is deaf, and Mimi Xang Ho walks with the aid of a walker or crutches.  The following day, March 1, 2013, Superclub Ibiza provided Wilson with the phone number for Musa Kaun.

On March 6, 2013, Wilson filed the instant motion with the Court to exclude Kaun and Ho because "(1) their testimony is inadmissible under Federal Rules of Evidence 401 and 404(b)(1), and (2) the defendant failed to identify these witnesses in compliance with Federal Rule of Civil Procedure 26(a)(3)(A), Local Civil Rule 16.5, and with this Court's February 28, 2013 Order."  Superclub Ibiza responded that the testimony of the two witnesses will not violate the Federal Rules of Evidence 401 and 404(b)(1) because the testimony will be used to rebut evidence presented by Wilson that "create[s] an inference that Ibiza has a systemic problem of discriminating against people with disabilities."  Superclub Ibiza also filed a supplemental pre-trial statement that named Kaun and Ho, provided their phone numbers, and stated that their testimony would be in regard to their ability "to use and access the Club without incident despite [their] disability."

**DISCUSSION**

I.  Evidentiary Concerns under the Federal Rules of Evidence

   A.  *Rule 401*

Federal Rule of Evidence 402 states that "[r]elevant evidence is admissible" unless provided otherwise in the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court.  Rule 401 further explains that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action."  Generally, rebuttal evidence "is admitted for the purpose of explaining or refuting evidence offered by the

other side," United States v. Carter, 70 F.3d 146, 149 (D.C. Cir. 1995), and is relevant insofar as the evidence it rebuts is relevant.

Here, Superclub Ibiza proposes to introduce at trial the testimony of Kaun and Ho to rebut any evidence proffered by Wilson in an attempt "to create an inference that Ibiza has a systemic problem of discriminating against people with disabilities." Opp'n to Pl.'s Mot. to Exclude Witnesses ("Def.'s Opp'n") at 3. Wilson argues that the testimony of Kaun and Ho is irrelevant because "[h]ow the Defendant has treated other persons with other disabilities at other times is utterly meaningless to this case." Pl.'s Mot. to Exclude Witnesses ("Pl.'s Mot.") at 2. However, in prior filings for this case, Wilson has raised the issues of Superclub Ibiza's policies, practices, and procedures, and its treatment of other disabled persons. In particular, Wilson's complaint alleges that "[d]efendant's failure to comply with the ADA has resulted in and will continue to result in harm to Ms. Wilson *and other individuals with disabilities, unless and until defendant is ordered by this Court to modify its policies, practices, and procedures*." Compl. ¶ 54 (emphasis added). Additionally, Wilson's reply states that "proving the [d]efendant's failure to modify its policies, practices, and procedures is an element of one of Ms. Wilson's discrimination claims." Pl.'s Reply to Def's Opp. to Mot. to Exclude Witnesses ("Pl.'s Reply") at 2. Based on this record, the Court concludes that Superclub Ibiza's polices, practices, and procedures may be a relevant issue at trial and that Wilson may attempt to demonstrate discrimination on a broader scale than the alleged individual incident involving Wilson. As a result, the Court has determined that testimony by Superclub Ibiza's proposed witnesses, Kaun and Ho, in regard to their ability to use and access Superclub Ibiza as disabled patrons could be relevant as potential rebuttal evidence.[1]

---

[1] The Court recognizes that the case presented by Wilson at trial may not include any evidence (or argument) relating to a policy or practice by Superclub Ibiza, in which case the testimony of Kaun and Ho may not be relevant. Wilson is not precluded from raising this issue again at that point in the trial.

   *B. Rule 404(b)(1)*

Federal Rule of Evidence 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Plaintiff contends that the testimony of Kaun and Ho is inadmissible under Rule 404(b)(1) because such testimony would constitute inadmissible propensity evidence. See Pl.'s Mot. at 1-2. The court agrees with Wilson that, under Rule 404(b)(1), the testimony of Kaun and Ho is not admissible to establish propensity on the part of Superclub Ibiza. However, because the Court finds that the testimony of Kaun and Ho may be relevant as rebuttal evidence, the testimony would be admissible for that purpose.

II. <u>Procedural Concerns under the Federal Rules of Civil Procedure and the Local Civil Rules</u>

Federal Rule of Civil Procedure 26(a)(3)(A)(i) requires, as a pre-trial disclosure, the full name and "the address and telephone number of each witness." Additionally, Local Rule 16.5(b)(5) of this Court requires that a party's schedule of witnesses "shall set forth the full names and addresses of all witnesses the party may call." Furthermore, this Court directed Superclub Ibiza to disclose to Wilson by February 28, 2013, the identities of the proposed witnesses identified as "[c]ertain handicap patrons." Superclub Ibiza has since provided the full names and phone numbers of Kaun and Ho, but has neglected to disclose their addresses. Wilson argues that it is prejudiced by Superclub Ibiza's failure to properly identify Kaun and Ho. See Pl.'s Reply at 3. However, because Wilson is aware of the names and phone numbers of the witnesses, as well as the planned scope of their testimony, and has chosen not to depose them,[2] the Court finds that Superclub Ibiza's failure to provide addresses has not caused prejudice to Wilson. Nonetheless, in order to provide Wilson with sufficient time to conduct an investigation

---

[2] "While Plaintiff has chosen not to devote her remaining trial preparation time and resources to deposing these witnesses, Plaintiff would like to have the ability to employ other investigatory means of collecting information from and about these individuals should the Court permit them to testify." Pl.'s Reply at 3.

of these witnesses prior to trial, Superclub Ibiza shall disclose to Wilson the addresses of Kaun and Ho by not later than March 25, 2013.

## CONCLUSION

For the reasons discussed above, the Court will deny plaintiff's motion to exclude witnesses identified in defendant's pre-trial statement as "[c]ertain handicap patrons of Superclub Ibiza, LLC." Accordingly, it is hereby

**ORDERED** that [36] plaintiff's motion to exclude witnesses identified in defendant's pre-trial statement as "[c]ertain handicap patrons of Superclub Ibiza, LLC" is **DENIED** without prejudice to renewal at trial; it is further

**ORDERED** that defendant may introduce the testimony of Musa Kaun and Mimi Xang Ho at trial as rebuttal evidence only; and it is further

**ORDERED** that defendant shall disclose the addresses of Musa Kaun and Mimi Xang Ho to plaintiff by not later than March 25, 2013.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: March 20, 2013